James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:      (212) 374-0009
F:      (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOMMEILYN HERRERA LOPEZ
and LEONOR HERNANDEZ,
*on behalf of themselves and similarly situated employees,*

                                              Case No.

                            Plaintiff,        **COMPLAINT**

-against-

METROWIRELESS 167 INC. and
ABDUL ASIF,

                                              ECF Case,

                            Defendants.

---

    Plaintiffs, JOMMEILYN HERRERA LOPEZ and LEONOR HERNANDEZ, on behalf

of themselves and other similarly situated employees, by and through their undersigned

attorneys, Law Offices of James F. Sullivan, P.C., hereby files this Complaint against

Defendants, METROWIRELESS 167 INC. and ABDUL ASIF (collectively "the Defendants"),

and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§

201, et seq. ("FLSA"), Plaintiff and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages at the overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and other similarly situated employees are entitled to recover from the Defendants: (1) unpaid wages at the overtime rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.    Plaintiff, JOMMEILYN HERRERA LOPEZ, is an adult resident of Bronx, New York.

6.    Plaintiff, LEONOR HERNANDEZ, is an adult resident of Bronx, New York.

7.    Upon information and belief, Defendant, METROWIRELESS 167 INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 269 East 167th Street, Bronx, New York 10456.

8.    Upon information and belief, Defendant, ABDUL ASIF, is an owner, officer, director and/or managing agent of Defendant, METROWIRELESS 167 INC., who maintains a business address of 269 East 167th Street, Bronx, New York 10456, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder,

29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendants.

9.      At all relevant times, corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10.     At all relevant times, the work performed by Plaintiff and similarly situated employees were and continue to be directly essential to the business operated by Defendants.

11.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees the lawfully earned overtime rate for all hours worked over forty (40) in a work week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

*Jommeilyn Herrera Lopez*

12.     From in or about July 2016 to in or about July 2018, Plaintiff was hired by Defendants as a sales representative at the Defendants' place of business located at 269 East 167th Street, Bronx, New York 10456.

13.     Upon information and belief, during Plaintiff's employment by Defendants, Plaintiff's daily schedule was Monday through Sunday 10:00 a.m. to 8:00 p.m. and she worked approximately (70) hours per week in 2016, and worked Monday through Saturday 10:00 a.m. and 8:00 p.m. approximately sixty (60) hours a week in 2017 and 2018.

14.     Upon information and belief, Plaintiff and similarly situated employees were compensated $9.00 an hour in 2016, $10.50 an hour in 2017, and $12.00 an hour in 2018.

15.     Further, Plaintiff and similarly situated employees were not compensated at the overtime rate for all hours worked over forty (40) hours in a work week.

16.     Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiff or similarly situated employees.

17.     Defendant, ABDUL ASIF, is an individual who, upon information and belief, owns the stock of corporate Defendant, owns corporate Defendant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

18.     Defendant, ABDUL ASIF, exercised control over the terms and conditions of Plaintiff's employment, in that ABDUL ASIF has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

19.     Plaintiff and similar situated employees were not properly compensated wages for all hours worked over forty (40) hours in a work week.

20.     Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and other similarly situated employees' wages for the overtime rate for all hours worked over forty (40) hours in a work week in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

21.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22.     Defendants did not provide Plaintiff and all other similarly situated employees, with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

23.     Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them a minimum wage for all hours worked.

24.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

25.     Plaintiff and others similarly situated employees have been substantially damaged by the Defendants' wrongful conduct.

*Leonor Hernandez*

26.     From November 2015 to April 2018, Plaintiff was hired by Defendants as a sales representative at the Defendants' place of business located at 269 East 167th Street, Bronx, New York 10456.

27.     Upon information and belief, during Plaintiff's employment by Defendants, Plaintiff worked approximately seventy (70) hours per week. Plaintiff generally worked six (6) days a week with a work shift generally being 10:00 a.m. to 8:00 p.m.

28.     Upon information and belief, Plaintiff and similarly situated employees were compensated $14.00 an hour.

29.     Further, Plaintiff and similarly situated employees were not compensated at the overtime rate for all hours worked over forty (40) hours in a work week.

30.     Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiff or similarly situated employees.

31.     Defendant, ABDUL ASIF, is an individual who, upon information and belief, owns the stock of corporate Defendant, owns corporate Defendant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

32.    Defendant, ABDUL ASIF, exercised control over the terms and conditions of Plaintiff's employment, in that ABDUL ASIF has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

33.    Plaintiff(s) and similar situated employees were not properly compensated wages for all hours worked over forty (40) hours in a work week.

34.    Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and other similarly situated employees' wages for the overtime rate for all hours worked over forty (40) hours in a work week in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

35.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

36.    Defendants did not provide Plaintiff and all other similarly situated employees, with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

37.    Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them a minimum wage for all hours worked.

38.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

39.    Plaintiff and others similarly situated employees have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

## COUNT 1

### [Violation of the Fair Labor Standards Act]

40.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "39" of this Complaint as if fully set forth herein.

41.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and similarly situated employees are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.    At all relevant times, Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

43.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44.    Plaintiffs and similarly situated employees were entitled to be paid the minimum wage and overtime rate for all hours worked over forty (40) hours in a work week as provided for in the FLSA.

45.    Defendants failed to pay Plaintiffs and similarly situated employees' the minimum wage and overtime rate for all hours worked over forty (40) hours in a work week as provided for in the FLSA.

46.    At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiffs and similarly situated employees the minimum wage and overtime rate for all hours worked over forty (40) hours in a work week which violated and

7

continues to violate the FLSA, 29 U.S.C. §§ 201; et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

47.    Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs and similarly situated employees the minimum wage and overtime rate for all hours worked over forty (40) hours in a work week when they knew or should have known such was due and that non-payment of the minimum wage and overtime rate would financially injure the Plaintiffs and similarly situated employees.

48.    The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

49.    Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated employees and the actual compensation paid to Plaintiffs and similarly situated employees are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.    Defendants failed to properly disclose or apprise Plaintiffs and similarly situated employees of their rights under the FLSA.

51.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and similarly situated employees are entitled to liquidated damages pursuant to the FLSA.

52.    Plaintiffs and similarly situated employees are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Laws]

53.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "52" of this Complaint as if fully set forth herein.

54.     The wage provisions of the NYLL apply to Defendants and protect the Plaintiffs and similarly situated employees.

55.     Defendants, pursuant to their policies and practices, refused and failed to pay the overtime rate to Plaintiffs and similarly situated employees for all hours worked over forty (40) hours in a work week.

56.     By failing to compensate Plaintiffs and similarly situated employees the overtime rate all hours worked over forty (40) hours in a work week, Defendants violated Plaintiffs and similarly situated employees' statutory rights under the NYLL.

57.     The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

58.     Therefore, Defendants knowingly and willfully violated Plaintiffs and similarly situated employees' rights by failing to pay Plaintiffs and similarly situated employees' the minimum wage and compensation for the overtime rate for all hours worked over forty (40) hours in a work week.

59.     Due to the Defendants' NYLL violations, Plaintiffs and similarly situated employees are entitled to recover from Defendants unpaid wages at the lawful amounts, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198. Plaintiffs and similarly situated employees also seeks liquidated damages pursuant to NYLL § 663(1).

60.     Defendants, pursuant to their policies and practices, refused and failed to pay the "spread of hours" pay to Plaintiff and similarly situated employees for days in which a shift lasted over ten (10) hours.

## COUNT 3

### [Failure to provide a Wage Notice]

61.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.     The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

63.     Defendants have willfully failed to supply Plaintiffs and similarly situated employees with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

64.     Through their knowing or intentional failure to provide the Plaintiffs and similarly situated employees with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

65.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and similarly situated employees are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiffs and similarly situated employees with wage notices and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

66.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67.     Defendants have willfully failed to supply Plaintiffs and similarly situated employees with an accurate wage statement, as required by NYLL, § 195(3).

68.     Specifically, Plaintiffs and similarly situated employees were never provided a wage statement.

69.     Through their knowing or intentional failure to provide the Plaintiffs and similarly situated employees with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

70.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and similarly situated employees are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated employees with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and all similarly situated employees respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages at the minimum wage rate and overtime rate due under the FLSA;

(b)    An award of liquidated damages as a result of Defendants' failure to pay wages at the minimum wage rate and overtime rate pursuant to 29 U.S.C. § 216;

(c)    An award of unpaid wages at the minimum wage rate and overtime rate as well as "spread of hours" pay due under the NYLL;

(d)    An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the minimum wage rate and overtime rate, "spread of hours" pay, provide wage notices, and provide wage statements pursuant to the NYLL;

(e)    An award of prejudgment and post-judgment interest;

(f)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       November 16, 2018

Respectfully submitted

By: _____
James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:    (212) 374-0009
F:    (212) 374-9931
*Attorneys for Plaintiff*
Jsullivan@jfslaw.net