UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOMMEILYN HERRERA LOPEZ and
LEONOR HERNANDEZ,
                              Plaintiffs,

-v-

METROWIRELESS 167 INC. and
ABDUL ASIF,
                              Defendants.

18-CV-10754 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiffs Jommeilyn Herrera Lopez and Leonor Hernandez filed this action against Defendants Metrowireless 167 Inc. and Abdul Asif. (Dkt. No. 1 ("Compl.").) Plaintiffs allege that Defendants failed to pay them overtime wages, violating both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*Id.*) Plaintiffs have served both Defendants. (Dkt. Nos. 8–9.) Defendants have not answered the complaint or otherwise appeared in this action. A certificate of default has been filed as to both Defendants. (Dkt. Nos. 14–15.) Plaintiffs now move for default judgment under Federal Rule of Civil Procedure 55(b). (Dkt. No. 17.) For the reasons that follow, the motion is granted.

I.     **Background**

    Defendant Abdul Asif is "an owner, officer, director, and/or managing agent" of Defendant Metrowireless 167, Inc. located at 269 East 167th Street, Bronx, N.Y. 10456. (Compl. ¶ 8.) Herrera Lopez alleges that she was employed as a sales representative by Defendants from approximately July 2016 to July 2018. (Compl. ¶ 12.) Herrera Lopez further alleges that she performed this work approximately 70 hours a week in 2016, and approximately 60 hours a week from 2017 to 2018. (Compl. ¶ 13.) Hernandez alleges that she was employed

1

as a sales representative by Defendants from approximately November 2015 to April 2018. (Compl. ¶ 26.) She further alleges that she performed this work approximately 70 hours per week. (Compl. ¶ 27.)

Plaintiffs allege that they were never paid overtime for the hours they worked over forty hours a week. (Compl. ¶¶ 15, 29.) Additionally, Plaintiffs were never provided with a notice and acknowledgement at the time of hiring or statements of their payment of wages at the time of payment. (Compl. ¶¶ 63, 68.) Herrera Lopez estimates that she is owed $13,347.50 in unpaid overtime wages. (Dkt. No. 27 ¶ 114.) Hernandez estimates that she is owed $20,002.50 in unpaid overtime wages. (Dkt. No. 28 ¶ 131.)

Plaintiffs filed this action against Defendants under the FLSA and the NYLL on November 16, 2018, seeking overtime compensation, liquidated damages, and statutory damages. (*See* Compl.) Despite being served with the complaint on December 18, 2018 and December 19, 2018, neither of the defendants has appeared or responded to the complaint. (Dkt. Nos. 8–9.) Plaintiffs moved for default judgment on May 17, 2019. (Dkt. No. 17.)

**I.      Legal Standard**

By failing to answer the complaint, Defendants have conceded Plaintiffs' well-pleaded factual allegations establishing liability. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). But because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Moreover, to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v.*

*Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). District courts have "much discretion" in determining whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (first quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## II. Discussion

### A. Allegations in Support of Liability

The complaint asserts overtime compensation violations under the FLSA and the NYLL and notice violations under the NYLL. (Compl. ¶¶ 53–70.) As a threshold matter, the Court considers whether the statutes of limitations would limit Plaintiffs' recovery. *See Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *2 (S.D.N.Y. May 27, 2014) ("Courts in this Circuit . . . generally have limited a plaintiff's recovery in the event of a defendant's default to the time period covered by the FLSA statute of limitations."). The FLSA imposes a three-year statute of limitations to a cause of action arising out of a willful violation. 29 U.S.C. § 255(a). Here, as Plaintiffs allege that Defendants' failure to pay overtime wages was willful, the three-year limitations period applies. (*See* Compl. ¶ 34.) Moreover, the NYLL has a statute of limitations of six years. N.Y. Lab. Law §§ 198(3), 663(3). Because this lawsuit was filed on November 16, 2018, the NYLL limitation period would include claims that accrued between November 16, 2012, and November 16, 2018, while the FLSA limitations period would include claims that accrued between November 16, 2015, and November 16, 2018.

To state an FLSA overtime compensation claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked an approximate number of hours for which she did not receive overtime wages. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[T]o survive a motion to dismiss [an

3

FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours.").

First, Plaintiffs' allegations are sufficient to establish that they were employees of Defendants for FLSA purposes. Employment for FLSA purposes is a "flexible concept to be determined by a case by case review of the totality of the circumstances," and courts look the "economic reality of an employment relationship." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (citation and internal quotation marks omitted). There are four factors relevant to the analysis: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citation omitted). Here, Plaintiffs allege that Defendants satisfied all four factors. (*See* Compl. ¶¶ 18, 32.) Accordingly, Plaintiffs have properly alleged that they were employees for FLSA purposes.

Second, an employee is covered by the FLSA if she is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). In addition, the enterprise must have at least $500,000 in gross volume of sales made or business done. 29 U.S.C. § 203(s)(1)(A)(ii). Plaintiffs allege that Defendants were engaged in "interstate commerce and/or the production of goods for commerce" and have had "gross revenues in excess of $500,000." (Compl. ¶¶ 41, 43.) Plaintiffs are therefore covered by the FLSA.

Third, Plaintiffs must allege that they did not receive overtime wages. To state an FLSA overtime claim, a plaintiff must allege only that she worked compensable overtime in a workweek longer than 40 hours, and that she was not properly compensated for that overtime. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("To

4

plead a plausible FLSA overtime claim, [p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). Here, Herrera Lopez alleges that she worked 70 hours a week in 2016, and approximately 60 hours a week from 2017 to 2018. (Compl. ¶ 13.) Hernandez alleges that she worked about 70 hours a week.[1] (Compl. ¶ 27.) Both allege that they never received overtime pay when working in excess of 40 hours a week. (Compl. ¶¶ 15, 29.) In light of the above, Plaintiffs' allegations are sufficient to state a claim for failure to pay overtime wages in violation of the FLSA.

Plaintiffs' allegations are also sufficient to establish Defendants' liability under the NYLL for overtime wage violations, as well as failure to provide the required wage notices. A plaintiff's burden to establish overtime wages liability under the NYLL is similar to that under the FLSA. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015). The NYLL, as compared to the FLSA, focuses on the "degree of control" rather than "economic realities" in determining whether the plaintiff is an "employee" under the NYLL. *Saleem v. Corp. Transp. Grp., Ltd.*, 52 F. Supp. 3d 526, 535–36 (S.D.N.Y. 2014). In addition, the NYLL does not require that an employer achieve a certain minimum in annual sales in order to be liable under the NYLL. *Fermin*, 93 F. Supp. 3d at 34. Because Plaintiffs worked on a set schedule for a fixed wage determined by Defendants, Plaintiffs are "employee[s]" under the NYLL. *See Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003) (listing five factors relevant

---

[1] The complaint is inconsistent on this score: in the same paragraph alleging that Hernandez worked 70 hours a week, the complaint also estimates that she worked six days a week, ten hours a day, *i.e.*, 60 hours a week. (Compl. ¶ 27.) Hernandez's affidavit, however, is consistent with the 70-hour-a-week estimate. (*See generally* Dkt. No. 28.) Accordingly, the Court proceeds on the understanding that she worked 70 hours a week.

to the "degree of control" analysis). And for the same reasons that Defendants are liable for the overtime wages violations under the FLSA, Defendants are also liable under the NYLL.

In addition, Plaintiffs allege that they did not receive written notice of the rate of pay, regular pay day, and other information, as required by NYLL § 195(1)(a), or any pay stubs, as required by NYLL § 195(3). (Compl. ¶¶ 63, 68.) Plaintiffs' allegations are therefore sufficient to support Defendants' liability under the NYLL.

### B. Evidence in Support of Damages

Plaintiffs seek overtime wages under the FLSA and the NYLL, liquidated damages for wage-and-hour violations under both the FLSA and the NYLL, and statutory damages for failure to give written wage notices and pay stubs under the NYLL, along with prejudgment interest and attorney's fees and costs. (Compl. at 11–12; Dkt. No. 17.) The Court addresses each request in turn.

#### 1. Overtime Wages

Both the FLSA and the NYLL require an employer to pay employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week. 29 U.S.C. §§ 207(a)(1), 215(a)(2); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

Here, Herrera Lopez alleges that she worked for Defendants approximately 70 hours per week from July 2016 to December 2016, and for approximately 60 hours per week from January 2017 to July 2018. (*See* Compl. ¶ 13.) Herrera Lopez alleges in her affidavit that her hourly wage was $10.50 an hour in 2016, $11.00 an hour in 2017, and $12.50 an hour in 2018. (Dkt. No. 27 ¶¶ 3, 33, 86.) In total, Herrera Lopez is owed $13,347.50 in unpaid overtime wages. (Dkt. No. 27 ¶ 114; *see also* Dkt. No. 18-1.)

Hernandez alleges that she worked for Defendants for approximately 70 hours per week from November 2015 to April 2018.[2] (Compl. ¶ 23.) Hernandez alleges in her affidavit that her hourly wage was $10.50 an hour. (*See* Dkt. No. 28.) In total, Hernandez is owed $20,002.50 in unpaid overtime wages. (Dkt. No. 28 ¶ 131; *see also* Dkt. No. 18-2.)

### 2. Liquidated Damages

The FLSA and the NYLL provide for liquidated damages in an amount equal to compensatory damages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60–61 (2d Cir. 2016). Employees are entitled to liquidated damages unless employers establish a good faith defense. 29 U.S.C. § 260; N.Y. Lab. Law § 663(1); *see Gurung v. Malhotra*, 851 F. Supp. 2d 583, 592 (S.D.N.Y. 2012). Defendants that fail to respond to a motion for default judgment necessarily fail to carry the burden of demonstrating good faith. *See Jaramillo v. Banana King Rest. Corp.*, No. 12 Civ. 5649, 2014 WL 2993450, at *5 (E.D.N.Y. July 2, 2014).

"The law is now settled in this Circuit that a plaintiff cannot simultaneously recover liquidated damages under both the FLSA and the NYLL." *Sai Qin Chen v. E. Mkt. Rest., Inc.*, No. 13 Civ. 3902, 2018 WL 340016, at *9 (S.D.N.Y. Jan. 9, 2018) (citing *Chowdhury*, 666 F. App'x at 61). But a plaintiff is entitled to "recover under the statute that provides the great[er] relief." *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183, 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017) (alteration in original) (quoting *Castillo v. RV Transp., Inc.*, No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016)).

---

[2] To the extent Hernandez's claims accrued before November 16, 2015, they are time-barred under the FLSA. But Hernandez can still seek unpaid overtime wages between November 1, 2015, and November 16, 2015, under the NYLL.

Herrera Lopez's recovery for her liquidated damages is the same under both the FLSA and the NYLL because no part of her FLSA claim is time-barred. Accordingly, because Herrera Lopez has demonstrated that she is owed $13,347.50 in back pay, her liquidated damages under either the FLSA or the NYLL amount to $13,347.50.

Here, Hernandez can recover greater liquidated damages under the NYLL because part of her FLSA claim is time-barred. Therefore, the Court calculates Hernandez's liquidated damages in accordance with the NYLL. Because Hernandez has demonstrated that she is entitled to $20,002.50 in back pay, her liquidated damages under the NYLL amount to $20,002.50.

### 3. Statutory Damages

The NYLL requires employers to provide each employee a notice of the rate of pay at the time of hiring. N.Y. Lab. Law § 195(1)(a). A plaintiff may recover $50 for each workday during which the employer continually failed to give this notice, not to exceed $5,000. *Id.* § 198(1-b). In addition, the NYLL also requires employers to give each employee a pay stub with each paycheck that lists specific information about their employment. *Id.* § 195(3). A plaintiff may recover $250 for each workday during which the employer failed to give this notice, not to exceed $5,000. *Id.* § 198(1-d).

Here, the relevant time period for which Herrera Lopez and Hernandez worked spanned two and three years respectively, but they never received a wage notice or pay stub. Both Plaintiffs are therefore entitled to the maximum $5,000 for the work days during which Defendants continually failed to give them a wage notice, plus the maximum $5,000 for Defendants' failure to provide them with a pay stub.

### 4. Prejudgment Interest

The NYLL provides for an award of prejudgment interest in addition to liquidated damages. *Id.* § 198(1-a); *see Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

Prejudgment interest is available on actual damages under the NYLL, but not liquidated damages. *Ortega*, 2017 WL 2634172, at *6 (citing *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016)).

Under New York law, the prejudgment interest rate is nine percent per year. N.Y. C.P.L.R. §§ 5001, 5004. "[W]here damages are 'incurred at various times,' as is the case with unpaid wages over the course of several years, 'interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 Civ. 3061, 2014 WL 2624759, at *5 (quoting N.Y. C.P.L.R. § 5001(b)). "[C]ourts often choose the midpoint of the plaintiff's employment within the limitations period." *Pineda v. Tokana Cafe Bar Restorant Inc.*, No. 16 Civ. 1155, 2017 WL 1194242, at *4 (S.D.N.Y. Mar. 30, 2017).

Here, the midpoint of Herrera Lopez's employment in the relevant time period is July 6, 2017. (*See* Dkt. No. 27 (detailing weeks worked).) And her actual damages under the NYLL are $13,347.50. Herrera Lopez is therefore entitled to statutory prejudgment interest of nine percent per year on this amount from July 6, 2017.

The midpoint of Hernandez's employment in the relevant time period is January 17, 2017. (*See* Dkt. No. 28 (detailing weeks worked).) And her actual damages under the NYLL are $20,002.50. Hernandez is therefore entitled to statutory prejudgment interest of nine percent per year on this amount from January 17, 2017.

### 5. Attorney's Fees and Costs

Both the FLSA and the NYLL allow a prevailing plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1). "District courts enjoy broad discretion when setting a fee award, but they must clearly and concisely state reasons

supporting the award." *Tackie v. Keff Enters. LLC*, 2014 WL 4626229, No. 14 Civ. 2074, at *6 (S.D.N.Y. Sept. 16, 2014). Courts generally adopt a lodestar approach to calculate attorney's fees, "which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Id.* (collecting cases). The plaintiff has the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010) (citation omitted).

Here, Plaintiffs' counsel has requested an hourly rate of $350 for the work that Attorney Lawrence Spasojevich performed on this case, and an hourly rate of $400 for the work that Attorney James Sullivan performed on the case. (Dkt. No. 18-3.) The Court evaluates the reasonableness of a requested hourly rate by considering the prevailing market rate in this District. *Anthony v. Franklin First Fin. Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). Counsel on this case has requested an hourly rate consistent with the prevailing market rate in this District for lawyers in wage-and-hour cases with similar levels of experience. *See, e.g.*, *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461, 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases."); *Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases."). Therefore, the Court concludes that the rate requested by Plaintiff's counsel is reasonable.

In addition, Plaintiffs' counsel has also provided contemporaneous billing records for 5.5 hours of work. (Dkt. No. 18-3.) The entries appear to be sufficiently clear and not duplicative.

10

The Court concludes that Spasojevich performed 4.10 hours of work on this case at a rate of $350, and Sullivan performed 1.40 hours of work on this case at a rate of $400. Accordingly, Plaintiffs' counsel is entitled to an award of attorney's fees of $1,995.

Plaintiffs' counsel also seeks reimbursement of $400 in court filing fees and $100 in process server fees. (Dkt. No. 18-3 at 2.) Here, it is apparent that they have incurred court filing fees and process server fees, as these are "the types of 'legitimate expenses that would normally be charged to clients.'" *Zimmerman*, 2013 WL 6508813, at *13 (quoting *I.L.G.W.U. Nat'l Ret. Fund v. ESI Grp., Inc.*, No. 92 Civ. 597, 2003 WL 135797, at *4 (S.D.N.Y. Jan. 17, 2003). Accordingly, Plaintiffs' counsel is entitled to costs in the amount of $500.

### III. Conclusion

The Clerk is directed to enter judgment in favor of Plaintiffs and against Defendants Metrowireless 167 Inc. and Abdul Asif jointly and severally.

As to Plaintiff Herrera Lopez, the judgment shall include: (1) damages for unpaid overtime wages, statutory damages, and liquidated damages under the FLSA and the NYLL in the amount of $36,695; and (2) prejudgment interest on $13,347.50 from July 6, 2017, to the date of judgment at a rate of nine percent per year.

As to Plaintiff Hernandez, the judgment shall include: (1) damages for unpaid overtime wages, statutory damages, and liquidated damages under the FLSA and the NYLL in the amount of $50,005; and (2) prejudgment interest on $20,002.50 from January 17, 2017, to the date of judgment at a rate of nine percent per year.

Attorney's fees in the amount of $1,995 and costs in the amount of $500 shall also be awarded to Plaintiffs.

The Clerk of Court is directed to close the motion at Docket Number 17 and to close the case. Plaintiffs are directed to mail a copy of this Opinion and Order to the defaulting Defendants.

SO ORDERED.

Dated: January 21, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge